May 31, 1977

## 77-31 MEMORANDUM OPINION FOR THE DIRECTOR OF THE EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS

### United States Attorney, Virgin Islands—Hatch Act Applicability

This responds to your request for our opinion regarding the applicability of the Hatch Act or any other law or regulation to the questions posed by the United States Attorney for the Virgin Islands. The first question is whether employees of the Department of Justice (including the attorney and his or her assistants) may run for and serve as delegates to the forthcoming Virgin Islands constitutional convention; and, if so, whether they must or should take a leave of absence from their official positions during the proceedings of the convention.

The U.S. Attorney describes as a given "the nonpolitical, nonpartisan description of the Office of Delegate to the Constitutional Convention," and he has forwarded the relevant Virgin Islands legislation authorized for enactment by Congress in Pub. L. No. 94–584, 90 Stat. 2899. So far as relevant here, the Federal statute merely authorizes the Virgin Islands legislature to call a convention to draft a constitution for local self-government. The Virgin Islands legislation sets forth the qualifications of delegates as follows (§ 4):

   (a) a citizen of the United States; and
   (b) a qualified elector of the Virgin Islands; and
   (c) a resident of the legislative district from which he or she has been elected for not less than three years immediately preceding the date of election.

It further provides in § 6 for a special election for delegates and that "no political party symbols nor political party designation shall appear on any ballot."

The Hatch Act, 5 U.S.C. § 7321 *et seq.*, does not prohibit the proposed activity. Section 7326(b) states that political activity of Federal executive branch employees is not prohibited where the activity is "in connection with . . . a question which is not specifically identified with a National or State political party or political party of a territory or

possession of the United States." The section goes on to state that "questions relating to constitutional amendments, referendums, approval of municipal ordinances, and others of a similar character, are deemed not specifically identified with a National or State political party or political party of a territory or possession of the United States." It is clear that the activity here involved is not prohibited.[1]

The applicable regulation appears in 28 CFR § 45.735.19, which merely embodies the restrictions of the Hatch Act. We also note that with respect to 5 U.S.C. § 7326, the Federal Personnel Manual states that "Even if section 7326 permits the political activity involved in securing and holding an office, the holding of the office must not interfere with the efficient discharge of the duties of the Federal office. On this question the head of the Federal department or agency is the sole judge." We believe that this is an issue for you to decide in the light of whether the functions of the Virgin Islands office nevertheless can be effectively carried on; obviously, the officials involved should not be absent from their jobs for protracted periods that would leave their offices vacant or be unduly diverted from performing their normal tasks.

As to the second question, concerning a leave of absence, we are not aware of any legal requirement therefor. It may be that what is meant is "leave without pay." On this point we refer you to the Federal Personnel Manual, Chapter 630, Subchapter 12. The appropriate officials in the Office of Management and Finance should also be consulted.

Leon Ulman
*Deputy Assistant Attorney General*
*Office of Legal Counsel*

---

[1] It should be noted that in 1966 this Office advised the Deputy Attorney General that the Hatch Act did not permit a United States Attorney to run for the office of delegate to a State constitutional convention where the delegates would be nominated by their political parties and run under the party name and emblem.